# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 30 2018 ★
LONG ISLAND OFFICE

№ 15-MC-0641

ROBERT L. PRYOR, ESQ., AS TRUSTEE OF THE BANKRUPTCY ESTATE OF GIUSEPPE L. TROMBA,

Plaintiff,

VERSUS

GIUSEPPE L. TROMBA, ELLEN TROMBA, JJ TROMBA CORP., AND ABC CORP.,

Defendants.

**MEMORANDUM AND ORDER**
January 30, 2018

JOSEPH F. BIANCO, District Judge:

Before the Court are proposed findings of fact and conclusions of law issued by United States Bankruptcy Judge Robert E. Grossman on a motion for summary judgment filed by plaintiff Robert L. Pryor ("the trustee"), in his capacity as trustee to the estate of defendant Giuseppe L. Tromba ("Debtor"), in an adversary proceeding arising from Debtor's bankruptcy. For the reasons discussed below, the Court adopts Judge Grossman's proposed findings and conclusions as they relate to the causes of action alleging that the at-issue cash transfer was constructively fraudulent, but also remands the case to the Bankruptcy Court for further proceedings with respect to the causes of action alleging that the at-issue property transfer was constructively fraudulent.

I. BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case, and will summarize only those facts relevant to the instant motion.

On April 27, 2011, Debtor petitioned for relief from his creditors under Chapter 7 of the United States Bankruptcy Code. *See* Pet., *In re Pryor*, No. 8-11-72923 (Bankr. E.D.N.Y. Apr. 27, 2011), ECF No. 1. In this related adversary proceeding, the trustee seeks, *inter alia*, to avoid two transfers made by Debtor before the petition date as both intentionally and constructively fraudulent conveyances. (*See generally* Compl., *Pryor v. Tromba*, Adv. Pro. No. 11-09464-REG (Bankr. E.D.N.Y. Oct. 27, 2011), ECF No. 1.) First, on December 20, 2006, Debtor transferred his interest in a residence located in Miller Place, New York from himself in

1

fee simple to himself and defendant Ellen Tromba as husband and wife (the "Property transfer"). (*See* Proposed Findings of Fact and Conclusions of Law ("FOF") at 2, ECF No. 1.) The related deed indicates that Debtor received ten dollars and "other valuable consideration" in exchange for the property. (*Id.* at 4.)

Second, on October 15, 2010, Debtor transferred $53,000 in cash to his wife, defendant Ellen Tromba (the "Cash transfer"). (*Id.* at 2.) Debtor identified the Cash transfer in response to a question in his "Statement of Financial Affairs" about gifts and other charitable contributions made during the year immediately preceding his bankruptcy petition. (*Id.* at 4.)

On April 16, 2013, the trustee moved for summary judgment on several claims, including the claims seeking to avoid the Property transfer and the Cash transfer as intentionally and constructively fraudulent conveyances. (*See* Mot. Summ. J., *Pryor v. Tromba*, Adv. Pro. No. 11-09464-REG (Apr. 16, 2013), ECF No. 44.) Debtor failed to oppose the trustee's motion. Ellen Tromba filed a letter in response to the trustee's motion in which she asserted in conclusory fashion that the trustee had not proven the claims. (*See* Opp'n to Mot. Summ. J., *Pryor v. Tromba*, Adv. Pro. No. 11-09464-REG (April 24, 2013), ECF No. 52.)

In his findings and conclusions, Judge Grossman determined that summary judgment should be denied as to the claims that required a showing of intent (*e.g.*, the intentional fraudulent conveyance claims).[1] (FOF at 3.) Judge Grossman further concluded that summary judgment should be granted on the causes of action alleging that the Cash transfer was constructively fraudulent. (*Id.*) With respect to the Property transfer, Judge Grossman's findings and conclusions do not indicate whether summary judgment should be granted on the causes of action alleging that that transfer was constructively fraudulent.[2]

Judge Grossman submitted his proposed findings and conclusions to this Court on March 31, 2015. (ECF No. 1.) Thereafter, on May 5 and 6, 2015, respectively, Debtor and Ellen Tromba submitted documents entitled "response" to this Court. (ECF Nos. 3, 4.) However, neither document is responsive to Judge Grossman's findings and conclusions. On May 21, 2015, the trustee submitted a reply to Debtor's and Ellen Tromba's "responses." (ECF No. 5.) The trustee requests that the Court adopt Judge Grossman's findings and conclusions in all respects. (*Id.*)

As explained below, having conducted a *de novo* review of the record and the applicable law, the Court adopts Judge Grossman's proposed findings and conclusions in all respects, but remands the case to the Bankruptcy Court for further proceedings to determine whether summary

---

[1] The Court notes that, at the same time, the findings and conclusions appear to recommend that summary judgment be granted as to the second cause of action (FOF at 6), which would require a finding of Debtor's intent or belief at the time of the Cash transfer (*see* Compl. ¶ 41, *Pryor v. Tromba*, Adv. Pro. No. 11-09464-REG (Bankr. E.D.N.Y. Oct. 27, 2011), ECF No. 1.) However, given that the trustee prevailed on the other causes of action seeking to avoid the Cash transfer, the second cause of action is moot as it relates to the Cash transfer.

[2] By order dated January 19, 2018, the Court directed the parties to participate in a telephone conference to discuss the motion for summary judgment and proposed findings and conclusions. (ECF No. 6.) During the telephone conference, the trustee acknowledged that the proposed findings and conclusions were silent as to whether summary judgment should be granted on the claims concerning the Property transfer, but indicated that the issue may be moot. Neither Debtor nor Ellen Tromba appeared for the telephone conference.

judgment should be granted on the claims that the Property transfer was constructively fraudulent.

## II. DISCUSSION

Under Federal Rule of Bankruptcy Procedure 9033, a district court reviews a bankruptcy judge's findings of fact and conclusions of law to which written objections have been made *de novo*, and "may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." Fed. R. Bankr. P. 9033(d).

On *de novo* review of the record, the Court adopts Judge Grossman's conclusion that summary judgment should be granted to the trustee on the claims that the Cash transfer was a constructively fraudulent conveyance. Specifically, the Court agrees with Judge Grossman that the burden of establishing that Debtor received fair consideration for the Cash transfer was on Debtor and Ellen Tromba, and that they failed to meet that burden. (FOF at 7.) The Court further agrees that even if the trustee bore the burden, the trustee has met that burden, and Debtor and Ellen Tromba have failed to raise a genuine issue of material fact as to whether Debtor received fair consideration in exchange for the Cash transfer. (*Id.* at 8.)

With respect to Debtor's insolvency, the Court agrees with Judge Grossman's finding that the Debtor was insolvent at the time of the Cash transfer. Specifically, as Judge Grossman explained, Debtor had approximately $1,293,077 in liabilities at the time of the Cash transfer. (*Id.* at 9.) Although Debtor's petition states that he had $2,477,870 in assets, $1,813,000 of that amount was attributed to potential claims against third parties. (*Id.*) As Judge Grossman correctly concluded, those potential future claims should not be taken into consideration in determining Debtor's assets at the time of the Cash transfer. (*Id.*) Thus, the undisputed evidence establishes that Debtor had $1,293,077 in liabilities and only $664,870 in assets at the time of the Cash transfer, and was therefore insolvent.

Additionally, the Court agrees with Judge Grossman that summary judgment is not warranted on those causes of action that require a showing of intent.

Defendants' "responses," which the Court construes as objections, provide no basis to reject any of Judge Grossman's findings or conclusions. Specifically, neither Debtor nor Ellen Tromba points to any evidence raising a triable issue of fact preventing summary judgment on the trustee's claims that the Cash transfer was constructively fraudulent.

Finally, although the Court adopts Judge Grossman's findings and conclusions in all respects, those findings and conclusions appear to be incomplete. Specifically, the findings and conclusions do not contain an analysis as to whether summary judgment should be granted on the trustee's claims that the Property transfer was a constructively fraudulent conveyance. Because the trustee moved for summary judgment on those claims,[3] the Court remands the case to the Bankruptcy Court for corresponding findings of fact and conclusions of law.

Thus, after conducting the required *de novo* review of the full record and the applicable law, the Court accepts Judge Grossman's findings and conclusions in full

---

[3] As noted *supra*, the trustee indicated at a recent conference before this Court that these claims may be moot, but that he needed time to verify that fact and would advise the Bankruptcy Court on remand as to whether any additional proceedings on those claims are necessary.

3

and remands the case to the Bankruptcy Court for findings and conclusions as to whether summary judgment should be granted on the claims that the Property transfer was a constructively fraudulent conveyance.

### III. CONCLUSION

For the foregoing reasons, the Court affirms Judge Grossman's findings of fact and conclusions of law, and thus grants summary judgment to the trustee on the causes of action alleging that the Cash transfer was constructively fraudulent. The Court remands the case to the Bankruptcy Court for findings of fact and conclusions of law as to whether summary judgment should be granted on the causes of action alleging that the Property transfer was constructively fraudulent.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: January 30, 2018
Central Islip, New York

\*\*\*

The trustee is represented by Anthony F. Giuliano of Pryor & Mandelup, L.L.P., 675 Old Country Road, Westbury, NY 11590. Defendants Giuseppe L. Tromba and Ellen Tromba proceed *pro se*.